**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-4349, 14-4350, & 14-4351
_____

UNITED STATES OF AMERICA

v.

CHRIS A. HOFFMAN,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Nos. 2:01-cr-00058-001, 2:06-cr-00372, & 2:07-cr-00081)
District Judge: Hon. Arthur J. Schwab
_____

Submitted Under Third Circuit LAR 34.1(a)
October 5, 2015
_____

Before: SHWARTZ, KRAUSE, and GREENBERG, <u>Circuit Judges</u>.

(Filed: October 8, 2015)
_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

Chris Hoffman appeals from District Court judgments revoking his supervised

release and imposing consecutive prison sentences.  Because Hoffman's counsel is of the

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

opinion that there is no basis for an appeal, he has filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). We agree with counsel and will grant his motion and affirm.

## I

In 2001, Hoffman pleaded guilty to five counts of bank robbery and was sentenced to 74 months' imprisonment followed by three years' supervised release. In 2006, Hoffman escaped from a community confinement center where he was serving the balance of his 2001 sentence and attempted to rob another bank. For those acts, Hoffman was charged in separate indictments with bank robbery, in violation of 18 U.S.C. § 2113(a), and escape, in violation of 18 U.S.C. § 751(a). Hoffman pleaded guilty to both indictments and was sentenced to concurrent prison terms of 72 months for the bank robbery charge and 60 months for the escape charge, as well as concurrent terms of three years' supervised release.

Less than a week after Hoffman began his supervised release terms, the U.S. Probation Office filed a Petition for Warrant or Show Cause Hearing for Offender Under Supervision (the "Petition") in all three actions, alleging that Hoffman had been arrested and charged with the murder of his sister. Hoffman later pleaded guilty in state court to third-degree murder and was sentenced to 15 to 35 years' imprisonment.

Thereafter, the District Court held a revocation hearing for all three federal cases. Hoffman was represented by counsel, found competent to participate, admitted the allegations in the Petition, and adjudged to have violated the condition of his supervised

2

release that he not commit another federal, state, or local offense. The District Court

sentenced Hoffman to the statutory maximum of 24 months' imprisonment for each of

the three cases,[1] with each 24-month sentence to run consecutively to one another and to

the sentence for his state murder conviction, pursuant to 18 U.S.C. § 3584. Hoffman's

counsel filed an appeal and a motion to withdraw, stating that there are no nonfrivolous

grounds for an appeal.

II[2]

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme

Court promulgated in Anders to assure that indigent clients receive adequate and fair

representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Rule 109.2(a)

allows defense counsel to file a motion to withdraw and a brief pursuant to Anders when

counsel has reviewed the trial court record and concluded "the appeal presents no issue of

even arguable merit." When counsel submits an Anders brief, we must determine: "(1)

whether counsel adequately fulfilled the rule's requirements; and (2) whether an

independent review of the record presents any nonfrivolous issues." Id. (citing United

States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). To determine whether counsel has

---

[1] Due to Hoffman's criminal history category (VI) and the grade of his supervised release violation category (A), the Guidelines range was 33 to 41 months' imprisonment for each violation. Because his underlying convictions involved Class C and Class D offenses, however, the statutory maximum capped his exposure for each case at 24 months. 18 U.S.C. § 3583(e)(3).

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

3

fulfilled the rule's requirements, we examine the brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if wholly frivolous, Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why the issues are frivolous, Marvin, 211 F.3d at 780–81. If these requirements are met, we need not scour the record for issues and the Anders brief guides our review. Youla, 241 F.3d at 300–01.

Counsel's Anders brief[3] satisfies both elements and an independent review of the record reveals no nonfrivolous issues. First, the brief demonstrates a thorough examination of the record in search of appealable issues. It identifies potential issues concerning the District Court's imposition of three consecutive revocation sentences, and its related order that these sentences run consecutive to Hoffman's state sentence. Second, the brief explains why these issues are frivolous in light of the governing law. Counsel's Anders brief is therefore sufficient and we will proceed to review the issues counsel identified.

B

The first issue counsel identified is whether the District Court abused its discretion in imposing consecutive 24-month sentences for Hoffman's three supervised release violations, United States v. Swan, 275 F.3d 272, 275 (3d. Cir. 2002); 18 U.SC. § 3584(a). Section 3584 provides in pertinent part that "[i]f multiple terms of imprisonment are

_____

[3] Hoffman did not file a pro se brief raising any additional arguments.

imposed on a defendant at the same time, . . . the terms may run concurrently or consecutively," and that a district court determining whether to impose concurrent or consecutive terms "shall" consider the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(a), (b). This provision applies to supervised release revocation proceedings and "permits a district court to impose consecutive terms of imprisonment upon revocation of supervised release—even when the sentences for the underlying crimes ran concurrently." United States v. Dees, 467 F.3d 847, 851–52 (3d Cir. 2006). Here, the District Court referenced the § 3553(a) factors, the severity of Hoffman's supervised release violation (conviction for third-degree murder), and Hoffman's criminal history, which included the commission of crimes while on supervised release. See id. at 853 (noting that revocation sentences are meant "to sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the [defendant's] criminal history").[4] Its careful consideration of Hoffman's conduct while on release and his past record demonstrates that the District Court did not abuse its discretion in imposing consecutive revocation sentences and we agree that no non-frivolous arguments on this issue exist.

The second issue counsel identified is whether the District Court abused its discretion in ordering that Hoffman serve his three revocation sentences consecutive to

---

[4] Although the District Court did not explicitly state which of the § 3553(a) factors it considered, it need not do so because "the record shows that [it] considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." United States v. Dragon, 471 F.3d 501, 505 (3d Cir. 2006) (citation and internal quotation marks omitted).

his state sentence. Although advisory, the U.S. Sentencing Guidelines provide that a sentence imposed upon revocation of supervised release "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f). The sentence imposed here was consistent with this Guideline. During the revocation hearing, Hoffman's counsel explained that Hoffman faced a minimum sentence of 15 years' imprisonment for the murder conviction, and thus was subject to an undischarged term of imprisonment. As we have explained, the severity of Hoffman's violation, his criminal history, and his past poor performance while on release all support the District Court's decision to sentence Hoffman consistent with § 7B1.3(f). The District Court therefore acted within its discretion in ordering that Hoffman's three revocation sentences run consecutive to his state sentence and there is no non-frivolous argument on this issue.[5]

### III

For the foregoing reasons, we will affirm the judgments and grant counsel's motion to withdraw.

---

[5] Hoffman's sentence was also procedurally and substantively reasonable. The District Court considered the § 3553(a) factors, provided reasons for its sentence, and imposed sentences in accordance with the statutory maximum. Moreover, given the defendant's criminal history and his commission of violent crimes after his release from prison, we cannot say that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). For these additional reasons, no non-frivolous arguments exist with respect to Hoffman's sentence.